ISOM THOMAS, PETITIONER-APPELLANT, v. THE TEANECK BOARD OF EDUCATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 30, 1982—Decided May 4, 1982.

Before Judges BOTTER, ANTELL and FURMAN.

*Alfred G. Osterweil* argued the cause for appellant (*Osterweil, Wind & Loccke,* attorneys; *Barbara Landau* on the brief).

*Sidney A. Sayovitz* argued the cause for respondent (*Greenwood & Sayovitz,* attorneys).

The opinion of the court was delivered by

FURMAN, J. A. D.

The novel issue on this appeal is whether the Prevailing Wage Act, *N.J.S.A.* 34:11–56.25, applies to temporary employees of a governmental entity which itself undertakes a public work project.

Plaintiff was hired as a mason by defendant board of education for construction work on an auditorium and library. By referendum the voters of the school district had authorized a bond issue for the project. Defendant advertised for bids. All bids were in excess of the authorized amount by $450,000 and higher. Defendant then undertook a major portion of the project with its own work force, under the supervision of the School Business Administrator, financing it from the proceeds of the bond issue.

Plaintiff's rate of pay was below the prevailing wage rate in the locality. He was hired as a temporary employee outside Civil Service. Whether he received increased pay in lieu of fringe benefits available to permanent board of education employees is factually disputed. After completion of the project he was dismissed as an employee. He brought this action on behalf of himself and others similarly situated to compel payment of the prevailing wage rate. Construing the Prevailing Wage Act as a matter of law, the trial judge granted summary judgment in favor of defendant.

No decisional precedents in this State and no legislative history are available on the issue whether the Prevailing Wage Act applies to plaintiff. *Male v. Ernest Renda Contracting Co.*, 122 *N.J.Super.* 526 (App.Div.1973), holding that a public body is not liable to the employees of a contractor who failed to pay the prevailing wage rate, is not directly in point. Governmental employees employed on public work projects have been held ineligible for and excluded from the benefits of parallel legislation in other states. *Bishop v. City of San Jose*, 1 *Cal.*3d 56, 460 *P.*2d 137, 81 *Cal.Rptr.* 465 (Sup.Ct.1969); *City of Joplin v. Industrial Comm'n of Missouri*, 329 *S.W.*2d 687 (Mo.Sup.Ct. 1959); *Bradley v. Casey*, 415 *Ill.* 576, 114 *N.E.*2d 681 (Sup.Ct. 1953); *see, also, City of Monmouth v. Lorenz*, 30 *Ill.*2d 60, 195 *N.E.*2d 661 (Sup.Ct.1964).

■ We conclude that the Prevailing Wage Act is applicable only in favor of employees of contractors and subcontractors on

public work projects and not in favor of permanent or temporary employees of public subdivisions which themselves undertake public work projects. That conclusion renders immaterial the factual dispute concerning defendant's rate of pay, that is, whether, although less than the prevailing wage rate, it included an increment in lieu of fringe benefits.

On this appeal plaintiff relies on the public policy declaration of the Prevailing Wage Act that a prevailing wage level be established for workmen engaged in public work and on the specific provision of *N.J.S.A.* 34:11–56.28 imposing on public bodies "awarding any contract for public work or otherwise undertaking any public work" the obligation to ascertain the prevailing wage rate in the locality for each craft or trade. But *N.J.S.A.* 34:11–56.28 goes on to impose the further obligation on such public bodies that they specify "in the contract itself" the prevailing wage rate in the locality for each craft or trade, without further reference to any undertaking other than by contract. Obviously this provision refers to contracts with contractors.

Other sections of the Prevailing Wage Act make clear its applicability only to employees of contractors and subcontractors. *N.J.S.A.* 34:11–56.26 defines "public work" as work "done under contract and paid for in whole or in part out of the funds of a public body" and "workman" as someone "employed by any contractor or subcontractor and engaged in the performance of services directly upon a public work." *N.J.S.A.* 34:11–56.27, which fixes the requirement of payment of the prevailing wage rate, is specifically limited to public work contracts, as follows:

Every contract in excess of $2,000.00 for any public work to which any public body is a party shall contain a provision stating the prevailing wage rate which can be paid (as shall be designated by the commissioner) to the workmen employed in the performance of the contract and the contract shall contain a stipulation that such workmen shall be paid not less than such prevailing wage rate. Such contract shall also contain a provision that in the event it is found that any workman, employed by the contractor or any subcontractor covered by said contract, has been paid a rate of wages less than the prevailing wage required to be paid by such contract the public body may terminate the contractor's or subcontractor's right to proceed with the work, or such part of

the work as to which there has been a failure to pay required wages and to prosecute the work to completion or otherwise.

Defendant's final argument that defendant board of education contracted with itself and, hence, should be subject to the Prevailing Wage Act is patently without merit.

We affirm.